Frederic W. SCHWARTZ, Petitioner,

v.

**DEPARTMENT OF TRANSPORTATION,** Respondent.

Appeal No. 83–768.

United States Court of Appeals, Federal Circuit.

Aug. 23, 1983.

Edward H. Passman, Washington, D.C., for petitioner. With him on the brief was Frederic W. Schwartz, Washington, D.C., of counsel.

Robert G. Giertz, Washington, D.C., for respondent. With him on the brief was J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Washington, D.C., Carrol H. Kinsey, Jr., Springfield, Va., of counsel.

Frank Berndt, Chief Counsel, David W. Allen, Asst. Chief Counsel, Enid Rubenstein, Allan J. Kam, Attys., D.O.T., Washington, D.C., for respondent.

Before KASHIWA, BENNETT and MILLER, Circuit Judges.

BENNETT, Circuit Judge.

The decision of the Merit Systems Protection Board (MSPB), No. DC04328210011 (Nov. 12, 1982), that it had no jurisdiction to hear petitioner's appeal, is *affirmed.*

I

Petitioner, a nonpreference eligible in the excepted service, was an attorney-advisor with the National Highway Traffic Safety Administration, Department of Transportation (DOT) when he was removed from the federal service on October 2, 1981, for unacceptable performance. At the time of petitioner's removal, DOT had a performance appraisal system in effect as required by statute, 5 U.S.C. § 4302 (1982). *See* National Highway Traffic Safety Administration Order No. 377–2 (Apr. 7, 1981), *adopting* DOT Order No. 3770.3 (Aug. 12, 1980).

Petitioner contends that under this system covered employees such as he were given the right to appeal their removals to the MSPB.[1] He therefore appealed his removal to the MSPB's Washington Regional

---

1. Although he was a nonpreference eligible in the excepted service, petitioner was covered by the agency's performance appraisal system because he was "employed in or under an agency," and had not been specifically excluded from coverage either by statute or an Office of Personnel Management (OPM) regulation. 5 U.S.C. § 4301(2) (1982). As a nonprobationary, covered employee, petitioner was entitled to certain procedural protections at the agency level before he could be removed for unacceptable performance. 5 U.S.C. § 4303(a)–(c), (f) (1982).

Office. The presiding official there, on December 7, 1981, dismissed petitioner's appeal for lack of jurisdiction. He held that nonpreference eligibles in the excepted service who had been removed for unacceptable performance were specifically excluded by the Civil Service Reform Act of 1978 [2] from appealing their removals to the MSPB, and that the right to appeal could not be conferred by agency regulation. The MSPB affirmed the decision of the presiding official.

On appeal, petitioner contends that the MSPB had jurisdiction to hear his appeal not only because the performance appraisal system adopted by DOT granted him the right to appeal, but also because the Office of Personnel Management (OPM) "ratified" the DOT regulation.[3] Petitioner's ratification theory, however, is raised for the first time on appeal, and, thus, it is not properly before this court. *Soper v. United States,* 677 F.2d 869, 872 (Ct.Cl.1982). Therefore, we will not determine whether OPM did in fact ratify the DOT regulation or decide the effect, if any, of this alleged ratification. Instead, we need only consider petitioner's contention that DOT had the authority to grant its employees appeal rights to the MSPB.

## II

To petitioner's credit, he does not contend that he has a statutory right of appeal to the MSPB, for such a position would be unsupportable. Appeals from actions based on unacceptable performance are governed by 5 U.S.C. § 4303(e) (1982), which states:

> Any employee who is *a preference eligible or is in the competitive service* and who has been reduced in grade or removed under this section is entitled to appeal the action to the Merit Systems Protection Board under section 7701 of this title. [Emphasis added.]

It is clear from this provision that nonpreference eligibles in the excepted service do not have a statutory right of appeal to the MSPB if they are removed or reduced in grade for unacceptable performance. The House Report on section 4303 indicates that this was not an oversight:

> The new section 4303 provides authority for the removal or reduction in grade of an employee for unacceptable performance. Employees shall have a right to notice, representation by an attorney or other person, an opportunity to improve performance, a written decision by the agency, and, in the case of a preference eligible in the excepted service or any employee in the competitive service, the right to appeal to the Merit Systems Protection Board. *The rights of appeal provided in this section do not apply to individuals serving a probationary period or to a non-preference eligible in the excepted service.* [H.R.Rep. No. 1403, 95th Cong., 2d Sess. 21 (1978) (emphasis added).]

Although petitioner concedes that he was not granted a right of appeal by section 4303(e), he contends that this did not preclude DOT from granting such a right by regulation. To support this proposition, petitioner relies on 5 U.S.C. § 7701(a) (1982) [4], which provides:

> An employee, or applicant for employment, may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation.

Employees, however, do not have appeal rights under section 7701(a) simply because an agency has issued a regulation which purportedly bestows such a right. It must first be established that the agency issuing the regulation was specifically granted the authority to do so by statute. In this case,

---

**2.** Pub.L. No. 95–454, § 203(a), 92 Stat. 1111, 1131–34 (codified at 5 U.S.C. §§ 4301–4305 (1982)).

**3.** Petitioner also now contends that he had a legally recognizable property interest in his employment which entitled him to certain due process protections. If petitioner believes that

he was denied due process, he should institute an action in the appropriate trial court. We express no opinion as to the merits of any such potential action.

**4.** *See also* 5 U.S.C. § 1205(a)(1) (1982).

petitioner has failed to establish the requisite statutory authorization for the DOT's regulation on appeal rights.

Under chapter 43 of title 5, Congress has only authorized agencies to develop performance appraisal systems in order to "(1) provide for periodic appraisals of job performance of employees; (2) encourage employee participation in establishing performance standards; and (3) use the results of performance appraisals as a basis for training, rewarding, reassigning, promoting, reducing in grade, retaining, and removing employees . . . ." 5 U.S.C. § 4302(a). There is no indication that Congress also intended to authorize agencies to adopt, as part of their performance appraisal systems, regulations broadening the appeal rights granted in section 4303(e). If Congress had intended to authorize the individual agencies to expand the jurisdiction of the MSPB, it would have explicitly done so. For example, in 5 U.S.C. § 7511(c) (1982), Congress specifically authorized OPM to extend the provisions of subchapter II of chapter 75 on adverse actions, 5 U.S.C.

§§ 7511–7514, to "any position or group of positions excepted from the competitive service by regulation of the Office [OPM]." [5] This includes the right to appeal to the MSPB. 5 U.S.C. § 7513(d) (1982).

There is no similar provision contained in chapter 43 of title 5. As a result, we conclude that under chapter 43, agencies have no authority to broaden the appeal rights provided by section 4303(e) of that chapter. Any attempt to do so is without legal effect. Accordingly, we affirm the decision of the MSPB that it had no jurisdiction under section 4303(e) to hear petitioner's appeal, and that jurisdiction could not be conferred to it by agency regulation.

AFFIRMED.

---

**5.** This provision is not applicable here for two reasons. First, section 7511(c) applies only to the OPM and not to the individual agencies from which employees are removed. Second, the provisions of chapter 75 are inapplicable to reductions in grade or removals for unacceptable performance under 5 U.S.C. § 4303. *See* 5 U.S.C. § 7512(D) (1982).