Mary L. RALSTON, Petitioner,

v.

DEPARTMENT OF THE ARMY,
Respondent.

No. 83–1295.

United States Court of Appeals,
Federal Circuit.

Sept. 20, 1983.

Before MARKEY, Chief Judge, and SMITH and NIES, Circuit Judges.

### ORDER

Respondent moves for summary affirmance on the ground that the absence of jurisdiction of the Merit Systems Protection Board is indisputable.

Petitioner resigned her position as a Clinical Nurse on April 24, 1982, after a denial of leave without pay and of her grievance filed against that decision.

As this Court has recognized, "[t]he MSPB has only that jurisdiction conferred on it by Congress." *Thomas v. United States,* 709 F.2d 48, 49 (Fed.Cir.1983). The appellate authority of the MSPB is thus limited to appeals by employees specifically granted the right to appeal by statute. *See, e.g., Perez v. Army and Air Force Exchange Service,* 680 F.2d 779, 787 (D.C. Cir.1982) (MSPB lacks jurisdiction to hear appeals by non-appropriated fund employees); *Piskadlo v. Veterans Administration,* 668 F.2d 82, 83 (1st Cir.1982), and *Stern v. Department of the Army,* 699 F.2d 1312, 1314 (Fed.Cir.1983) (MSPB lacks jurisdiction to hear appeals by probationary employees).

It is undisputed that Petitioner was not in the competitive service, but was an excepted-service, non-preference eligible, employee. Petitioner is thus not an employee to whom Congress has given the right to appeal personnel matters to the MSPB. MSPB correctly held that its jurisdiction was not expanded by Executive Order 12367. The decision of the MSPB dismissing Petitioner's appeal for lack of jurisdiction was, therefore, without error and must in all events be affirmed.

Accordingly, it is hereby ORDERED:

(1) Respondent's Motion is granted.

(2) MSPB's decision is summarily affirmed.