Florence L. SMITH, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

Appeal No. 86–574.

United States Court of Appeals, Federal Circuit.

March 16, 1987.

eral Counsel for Litigation and Davis C. Kane, Reviewer for Litigation.

Gary Shinners, President, N.L.R.B., Washington, D.C., was on the brief, for amicus curiae.

Before BISSELL, Circuit Judge, BENNETT, Senior Circuit Judge, and ARCHER, Circuit Judge.

BENNETT, Senior Circuit Judge.

The decision of the Merit Systems Protection Board, No. DC04328510263 (April 25, 1985) (petition for review denied, 28 M.S.P.R. 593 (1985)), dismissing the petitioner's appeal for lack of jurisdiction is affirmed.

## BACKGROUND

Florence Smith (Smith or petitioner), a nonpreference eligible in the excepted service, is an attorney in the General Counsel's Office of the National Labor Relations Board (NLRB or the agency). Petitioner received "unacceptable" performance ratings for August 1982, April 1983, and December 1983. On April 29, 1984, she was reduced in grade from GS–13 to GS–11 for unacceptable performance of her duties. On March 20, 1985, petitioner requested clarification from the Merit Systems Protection Board (MSPB or the board) regarding her appeal rights to the board in light of a provision in the revised performance appraisal system[1] covering attorneys at the NLRB. The relevant provision of the performance appraisal system plan at the NLRB provided:

X. Grievances and Appeals:

(A) Matters covered under 5 U.S.C. 4303 and 7512 (adverse actions) that are also covered under this procedure may, in the discretion of the aggrieved employee, be raised either under

Karen Cordry, Silver Spring, Md., argued, for petitioner. Frederick R. Troncone, Alexandria, Va., was on the brief, for petitioner.

Anita Marshall, Merit Systems Protection Bd., Washington, D.C., argued, for respondent. With her on the brief were Llewellyn M. Fischer, Acting General Counsel, Mary L. Jennings, Associate Gen-

---

1. Under 5 U.S.C. § 4302, each agency is required to develop one or more performance appraisal systems. "Employee" for the purposes of coverage under the agency appraisal systems is defined as "an individual employed in or under an agency" but excludes individuals not in the competitive service excluded from coverage by regulations of the Office of Personnel Management (OPM). 5 U.S.C. § 4301(2)(G).

Since petitioner in this case was "employed in or under an agency," and had not been specifically excluded from coverage by statute or OPM regulation, she was covered by the appraisal system despite being a nonpreference eligible in the excepted service. *See Schwartz v. Department of Transportation,* 714 F.2d 1581, 1581 n. 1 (Fed.Cir.1983).

the appellate procedures of 5 U.S.C. 7701 (Merit Systems Protection Board appellate procedures) or under the procedure set out herein, but not both. An employee shall be deemed to have exercised his option at such time as the employee timely files a notice of appeal under the applicable appellate procedures or timely files a grievance in writing under the procedure set out herein, whichever occurs first. (Footnotes omitted).

Since the board does not give advisory opinions, Smith was allowed to perfect an appeal to the board on this jurisdictional issue.[2]

Smith's perfected petition for appeal was dismissed by a presiding official of the MSPB on the grounds that nonpreference eligible employees in the excepted service have no appeal rights to the MSPB. The presiding official found (1) no law, rule, or regulation whereby OPM had extended such appeal rights to such employees, (2) that erroneous advice given by the agency to petitioner as to the possible existence of such rights was not sufficient to confer jurisdiction which does not otherwise exist, and (3) that absent an otherwise appealable action, allegations of discrimination or reprisal were also found insufficient for jurisdiction. A petition for review by the full board, with an amicus brief by the National Labor Relations Board Professional Association (the union), was denied on August 19, 1985. Smith filed a timely appeal to this court and the union also filed an amicus brief supporting her position.

## OPINION

■ The Federal Circuit has jurisdiction to hear appeals from board orders dismissing employees' claims for lack of jurisdiction. *Ballentine v. Merit Systems Protection Board*, 738 F.2d 1244 (Fed.Cir. 1984). This court has recognized, on the other hand, that "[t]he MSPB has only that jurisdiction conferred on it by Congress." *Thomas v. United States*, 709 F.2d 48, 49 (Fed.Cir.1983). 5 U.S.C. § 7701(a) (1982) provides that "[a]n employee ... may submit an appeal to the [MSPB] from any action which is appealable to the Board under any law, rule, or regulation."[3] Nonpreference eligible employees in the excepted service were not given the right to appeal to the MSPB, and therefore cannot appeal absent some authorized expansion of the jurisdiction granted by Congress. *Ralston v. Department of the Army*, 718 F.2d 390 (Fed.Cir.1983); *see also Powell v. Department of the Army*, 4 M.S.P.R. 540, 541 (1981). The issue here is whether the OPM has validly acted to expand the congressionally conferred jurisdiction of the MSPB to permit hearing the appeal of the petitioner.

■ All agencies are required by 5 U.S.C. § 4302 to develop and implement performance appraisal systems.[4] *See Adkins v. Department of Housing and Urban Development*, 781 F.2d 891, 893–94 (Fed.Cir.1986); *Lovshin v. Department of the Navy*, 767 F.2d 826, 833 & n. 6 (Fed.Cir. 1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1523, 89 L.Ed.2d 921 (1986). In this case, the NLRB developed its performance appraisal system through negotiations with representatives of the petitioner's union. Ordinarily a collective bargaining agreement cannot confer jurisdiction on the

---

2. Smith also filed Equal Employment Opportunity (EEO) complaints regarding the demotion, alleging sex and age discrimination and reprisal for prior and pending EEO complaints unrelated to the present case.

3. 5 C.F.R. § 1201.3 (1985) further provides:

   (a) *Appellate jurisdiction generally.* The Board has appellate jurisdiction over cases specified in the Act where there have been prior actions within an agency.... This appellate jurisdiction includes:

   ....

   (8) Those actions for which jurisdiction may be properly granted by regulations of the Office of Personnel Management (OPM).

4. According to 5 C.F.R. § 430.203 (1985), the performance appraisal system must provide for "identification of critical and non-critical elements, establishment of performance standards, communication of elements and standards to employees, establishment of methods and procedures to appraise performance against the established standards, and appropriate use of appraisal information in making personnel decisions."

board if the employee would not otherwise have the right to appeal to the board. *See Allen v. Department of Housing and Urban Development,* 5 M.S.P.R. 259 (1981); *Gordon v. United States Postal Service,* 5 M.S.P.R. 206 (1981). However, 5 U.S.C. § 4304(b)(1) requires the OPM to review all performance appraisal systems developed by agencies to determine compliance with chapter 43 of the Civil Service Reform Act of 1978. Smith contends that the OPM's approval of the NLRB appraisal system, as required by section 4304, constituted an implicit ratification of an alleged grant of MSPB appeal rights to employees covered by the agreement.

This court previously considered an issue similar to the present case in *Schwartz v. Department of Transportation,* 714 F.2d 1581 (Fed.Cir.1983). In *Schwartz,* a nonpreference eligible attorney in the excepted service was removed from the federal service for unacceptable performance. The Department of Transportation (DOT), the agency involved, had a performance appraisal system in effect as required by 5 U.S.C. § 4302. Schwartz contended that the system in effect gave covered employees the right to appeal their removals to the MSPB. The MSPB dismissed his appeal because the Civil Service Reform Act of 1978 specifically excluded nonpreference eligibles in the excepted service from appealing to the MSPB and the right to appeal could not be conferred by agency regulation.

On the issue of whether the DOT could grant appeal rights to the petitioner, the court in *Schwartz* affirmed the MSPB in that agencies could not bestow MSPB appeal rights by regulation without statutory authority to do so. While noting that Congress specifically authorized the OPM to extend the provisions of subchapter II of chapter 75 on adverse actions, 5 U.S.C. §§ 7511–7514, to "'any position or group of positions excepted from the competitive service by regulation of the Office [OPM],'" the court observed that such authority applied only to the OPM and not to

individual agencies. 714 F.2d at 1583 & n. 5 (quoting 5 U.S.C. § 7511(c)). Furthermore, the court found no statutory authority under chapter 43 to broaden the appeal rights provided by section 4303(e). Thus, the court in *Schwartz* concluded that jurisdiction could not be conferred on the MSPB by agency regulation. 714 F.2d at 1583.

The present case involves an issue that was noted but not reached in *Schwartz.*[5] While *Schwartz* makes it clear that the NLRB itself could not grant MSPB appeal rights to nonpreference eligibles in the excepted service merely by agreeing to the appraisal system in question, petitioner here urges the conclusion noted above that the OPM did so when it approved the NLRB appraisal system as required by section 4304(b)(1). The issue is properly before us in the present case as the petitioner here had argued before the board that the OPM had, and exercised, the authority to grant such appeal rights.

■ Smith contends that the OPM was provided statutory authority to extend MSPB appeal rights to nonpreference eligibles in the excepted service under both chapters 43 and 75. However, *Schwartz* noted that although the OPM has explicit congressional authority to extend MSPB appeal rights to nonpreference eligibles under 5 U.S.C. § 7511(c), there was no parallel authority in chapter 43 under which the OPM could expand appeal rights. Under 5 U.S.C. § 4303(e), "[a]ny employee who is a preference eligible or is in the competitive service and who had been reduced in grade or removed under this section is entitled to appeal the action to the [MSPB] under section 7701 of this title." Section 4303(f) lists several categories of employees for which the section does not apply. Smith argues here that because section 4303(f)(3) states that the section does not apply to "an employee in the excepted service who has not completed 1 year of current continuous employment in the same or similar positions," Congress intended that the OPM have the

---

**5.** Schwartz had contended on appeal to this court that the OPM had ratified the DOT regulation but, since the ratification issue was raised

for the first time on appeal, this court did not consider it or its potential ramifications. 714 F.2d at 1582.

"flexibility" or authority to extend appeal rights administratively to excepted service employees who have completed their probationary period.

We do not agree. The restrictions on the applicability of the section contained in section 4303(f) further limit the availability of MSPB appeal rights noted in section 4303(e) to employees who have completed 1 year of current continuous service in their current or similar positions. Nothing in section 4303(f) conflicts with or alters the unambiguous language of section 4303(e) which limits the right of appeal to the MSPB under chapter 43 to preference eligibles or those in the competitive service and we decline to construe subsection 4303(f)(3) to do so. *Cf. Rodriquez-Villafane v. Department of the Air Force,* 20 M.S.P.R. 156, 158 (1984) (construing 5 U.S.C. § 4303(f)(3) to limit MSPB appeal rights to preference eligible employees who have completed 1 year of current continuous employment). To infer from the inapplicability of the section to "an employee in the excepted service who has not completed 1 year of current continuous employment" that Congress intended that all employees in the excepted service, including nonpreference eligibles such as Smith, who had completed 1 year of such service to be potentially eligible to appeal to the MSPB would defeat the manifest intent of the statute as a whole. *See, e.g., United States v. Morton,* 467 U.S. 822, 828, 104 S.Ct. 2769, 2773, 81 L.Ed.2d 680 (1984) ("We do not, however, construe statutory phrases in isolation; we read statutes as a whole." (footnote omitted)); *Philbrook v. Glodgett,* 421 U.S. 707, 713, 95 S.Ct. 1893, 1898, 44 L.Ed.2d 525 (1975) (" 'In expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy.' " (citations omitted)).

■ Notwithstanding the above conclusion, Smith contends that her demotion must be viewed as occurring under chapter 75 and that the OPM approval of the appraisal system under chapter 43 is still sufficient to grant MSPB appeal rights under chapter 75 to nonpreference eligibles in the excepted service. However, the record indicates that Smith's demotion for unacceptable performance occurred under chapter 43. Even assuming, without so deciding, that the agency's action could be construed as occurring under chapter 75, we find that the OPM's approval of the appraisal system was not sufficient to confer MSPB appeal rights to excepted, nonpreference eligibles covered by the system under the authority granted to the OPM by 5 U.S.C. § 7511(c).

Clearly the OPM did not promulgate any formal regulations expanding the appeal rights of the NLRB's nonpreference eligible attorneys.[6] Furthermore, the OPM approval of the NLRB performance appraisal system merely signified compliance with the above-quoted requirements for an appraisal system required under chapter 43. *See* 5 C.F.R. § 430.203. However, appeal procedures are not part of the minimum components necessary for a satisfactory appraisal plan. As Smith notes, the OPM had previously granted approval to an NLRB performance appraisal system which did not have the grievance provision which is the subject of the current controversy. Smith contends that when the OPM grant-

---

**6.** The petitioner cites *McCormack v. Department of Justice,* 22 M.S.P.R. 408 (1984), for the proposition that actions of the OPM can have the force of regulations without being formally promulgated. In that case, the OPM delegated authority to the Immigration and Naturalization Service (INS) to make suitability determinations for border patrol applicants. Applicants disqualified for employment by the OPM had appeal rights to the MSPB and the board held that these appeal rights were extended also to applicants rejected by the INS. This court is not bound by the decisions of the board; in any event, we find *McCormack* inapposite here for several reasons. First, the OPM intervened in the case to argue in favor of upholding its delegation to the INS which indicated a conscious desire that its actions were to be taken to mean what they were claimed to do. Second, the delegation was expressly made prior to the disputed action and the INS had accepted responsibility to defend any appeal to the board. Here, the alleged granting of appeal rights to nonpreference eligibles was not express and is not the result being urged by the OPM, which is the agency permitted by Congress to alter the MSPB's jurisdiction through regulation in limited circumstances which do not exist here.

ed approval to a subsequent plan which only differed from the prior one in that the grievance provision was added, the OPM approval could not be deemed inadvertent and must be considered as an implicit ratification of MSPB appeal rights for all covered employees, including nonpreference eligibles in the excepted service. However, contrary to Smith's contentions, the OPM approval of the subsequent plan at best merely indicates that the NLRB appraisal system complied with chapter 43 whether or not the plan contained provisions relating to possible appeal to the MSPB for the covered employees. The OPM cannot be held under these circumstances to have expanded the MSPB appeal rights by either inadvertence or implication, rather than by affirmative actions.

We find that the OPM approval of the plan cannot be held to be a ratification by the OPM of appeal rights for nonpreference eligibles. The MSPB's dismissal for lack of jurisdiction because the petitioner is a nonpreference eligible in the excepted service was proper.

AFFIRMED.