831 F.2d 305
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Brenda A. ROBINSON, Petitioner,
v.
FEDERAL ELECTION COMMISSION, Respondent.
 Appeal No. 87-3410
 United States Court of Appeals, Federal Circuit.
 September 9, 1987.
 
 Before MARKEY, Chief Judge, BALDWIN, Senior Circuit Judge, and PAULINE NEWMAN, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. DC34438710042 (petition for review denied, 33 M.S.P.R. 254), dismissing for lack of jurisdiction Brenda A. Robinson's (Robinson's) appeal from the Federal Election Commission's (agency's) termination of her appointment, is affirmed.
 
 OPINION
 
 2
 The board has jurisdiction over only those appeals Congress has authorized it to hear. Thomas v. United States, 709 F.2d 48, 49 (Fed. Cir. 1983). Congress has not authorized the board to entertain appeals from excepted-service, non-preference eligible employees. 5 U.S.C. Secs. 7511(a)(1), 7701(a). Robinson does not dispute the board's conclusion that she was such an employee. The board did not, therefore, have jurisdiction to entertain Robinson's appeal. Smith v. Merit Sys. Protection Bd., 813 F.2d 1216, 1218 (Fed. Cir. 1987).
 
 
 3
 Assuming, as Robinson argues, that the board's order denying Robinson's petition for review was improperly signed, Robinson has not shown how that error substantially prejudiced her rights by possibly affecting the board's decision. See Cornelius v. Nutt, 472 U.S. 648, 657-59 (1985); Smith v. United States Postal Service, 789 F.2d 1540, 1545-46 (Fed. Cir. 1986). It cannot, therefore, be a basis for reversal.
 
 
 4
 We affirm on the basis of the board's decision because we do not find it arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or that it was obtained without procedures required by law, rule, or regulation having been followed, or that it was unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).