956 F.2d 1173
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Michael W. RAMOS, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 91-3400.
 United States Court of Appeals, Federal Circuit.
 Feb. 14, 1992.
 
 Before RICH and PLAGER, Circuit Judges, and COHN, District Judge.*
 DECISION
 PER CURIAM.
 
 
 1
 Michael W. Ramos appeals from the February 25, 1991 Initial Decision of the Administrative Judge (AJ) in Docket No. DE34439110149, dismissing Ramos' appeal for lack of jurisdiction, which became the final decision of the Merit Systems Protection Board (MSPB) when it denied review on June 3, 1991. We affirm.
 
 DISCUSSION
 
 2
 Prior to his removal for repeated acts of misconduct, Ramos was employed as a recreation aid by the United States Army's Morale Support Fund. As such, Ramos was a non-appropriated funds employee; i.e., he was paid out of an activity fund which did not result from a congressional appropriation, but was money primarily generated by the activity itself. See Perez v. Army and Air Force Exch. Serv., 680 F.2d 779, 780-81 (D.C.Cir.1982).
 
 
 3
 The AJ held, and we agree, that as one paid out of non-appropriated funds, Ramos does not meet the definition of "employee" as set forth in the pertinent federal employment statutes, and therefore, has no right to appeal his removal to the MSPB. See 5 USC 7511(a)(1) (1988 & Supp. II 1990) ("employee" means certain individuals in the competitive service, certain preference eligibles, and certain individuals in the excepted service); 5 USC 7701(a) (1988) ("[a]n employee ... may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation.") (emphasis added); 5 USC 2105(c) (1988 & Supp. II 1990) (a person paid from non-appropriated funds of the armed forces for activities "conducted for the comfort, pleasure, contentment, and mental and physical improvement" of armed forces personnel is "deemed not an employee for the purpose of ... laws administered by the Office of Personnel Management," absent certain exceptions not applicable here); Perez, 680 F.2d at 787 (removal of non-appropriated fund employees not appealable to the MSPB); Taylor v. Dep't of the Navy, 1 MSPR 591, 593-96 (1980) (MSPB is precluded by statute from accepting jurisdiction of appeals from employees of non-appropriated fund activities). The AJ was correct in dismissing Ramos' appeal for lack of jurisdiction.
 
 
 4
 Ramos contends before this court that the Army incorrectly advised him that he could appeal his removal to the MSPB. However, the record reflects that Ramos failed to raise the issue below, even after receipt of the Initial Decision in which the AJ clearly stated that the MSPB lacked jurisdiction. This court's function is to review the judgment of the lower tribunal; we do not consider issues raised here for the first time. See Schwartz v. Dep't of Transp., 714 F.2d 1581, 1582 (Fed.Cir.1983) (petitioner's theory, raised for the first time on appeal, was not properly before the court).
 
 
 5
 Ramos further contends that his proffered evidence of national origin discrimination provides the MSPB and this court with jurisdiction to consider his removal. To the extent that this issue is raised for the first time on appeal, it too is not properly considered by this court. Furthermore, we note that the failure of Ramos' jurisdictional argument regarding the proper scope of the term "employee" leaves Ramos with a "pure" or "naked" discrimination claim over which the MSPB has no jurisdiction. Cruz v. Dep't of the Navy, 934 F.2d 1240, 1245-46 (Fed.Cir.1988). Such discrimination claims are the province of the Equal Employment Opportunity Commission.
 
 
 
 *
 Honorable Avern L. Cohn, District Judge, Eastern District of Michigan, sitting by designation