965 F.2d 1064
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lee RINDAL, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 92-3035.
 United States Court of Appeals, Federal Circuit.
 April 14, 1992.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Lee Rindal, a preference eligible employee, appeals from the May 10, 1991 decision of an administrative judge (AJ) of the Merit Systems Protection Board (Board), Docket No. DE07529110205, which became final on September 17, 1991 when the full Board denied Mr. Rindal's petition for review. The AJ dismissed Mr. Rindal's appeal of his removal from employment by the United States Postal Service for lack of jurisdiction. We affirm.
 
 
 2
 Mr. Rindal initially served as a mailhandler in the Billings, Montana Post Office from December 1983 to June 1985. At that time, Mr. Rindal was classified as an excepted service nonpreference eligible employee. 5 U.S.C. §§ 2108(3), 7511(a)(1), 7701(a) (1988); 39 U.S.C. § 1001(b) (1988). The following August, Mr. Rindal enlisted in the military where he served until April 1988. Mr. Rindal requested reinstatement to his mailhandler job in February 1988, stating that he would be available for service in mid-June 1988. The Billings Postal Service initially denied Mr. Rindal's request, and then restored him to a limited-duty position as a preference eligible veteran on November 19, 1988. He was removed from that position on May 27, 1989 for attempting to leave the building with two pieces of undeliverable mail in his lunch bag.
 
 
 3
 The Board has jurisdiction over only those appeals Congress has authorized it to hear. Thomas v. United States, 709 F.2d 48, 49 (Fed.Cir.1983). Congress has given the Board jurisdiction to hear the appeal of a preference eligible employee if he has completed one year of current continuous service in the same or similar position. 5 U.S.C. § 7511(a)(1)(B) (1988). The AJ found that Mr. Rindal did not have one year of continuous service following his restoration to the Postal Service because he had served in that position for only a little more than six months. The AJ further found that Mr. Rindal could not tack his prior Postal Service employment onto his current employment, even though the work was similar, because the three year break between service periods made his service noncontinuous, and because his prior service was not as a preference eligible civilian employee.
 
 
 4
 This Court must uphold a Board decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without adherence to procedural laws, rules, or regulations; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 5
 Mr. Rindal contends that he would have had one year of current continuous service as a preference eligible employee if he had been restored to his mailhandler position upon his initial request. We cannot agree. Even if one were to give Mr. Rindal the benefit of every doubt, and find that his preference eligible employment should have begun as soon as he requested it in February 1988, it would only be possible to date his "employment" back to mid-June 1988, the date that he stated he would be available for service in his initial request. Service from mid-June 1988 through May 27, 1989 would give Mr. Rindal only 11 months of service as a preference eligible employee at the time of his removal.
 
 
 6
 The Board's decision is correct for other reasons as well. Mr. Rindal's two periods of Postal Service employment were not continuous because there was a break of more than one workday between them. Federal Personnel Manual Supplement 752-1, Subchapter S2-3a(3) (Oct. 11, 1976); O'Gorman v. United States Postal Serv., 7 MSPR 310, 311-12 (1981). Moreover, Mr. Rindal's initial employment as a nonpreference eligible employee in the excepted service gave him no right of appeal to the Board. 5 U.S.C. §§ 2108(3), 7511(a)(1), 7701(a) (1988); 39 U.S.C. § 1001(b) (1988); Smith v. Merit Sys. Protection Bd., 813 F.2d 1216, 1218 (Fed.Cir.1987). Thus, even if Mr. Rindal could tack his prior two year period of employment onto his later employment as a preference eligible employee, none of his employment would entitle him to appeal his removal to the Board.
 
 
 7
 For these reasons, we affirm the Board's decision that it lacks the authority to hear Mr. Rindal's appeal.