972 F.2d 1354
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Terry C. CURTIN, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 92-3129.
 United States Court of Appeals, Federal Circuit.
 June 8, 1992.
 
 Before MICHEL, LOURIE, and CLEVENGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Terry C. Curtin petitions for review of the March 27, 1991 Initial Decision of the Administrative Judge (AJ) in Docket No. AT34439110320, which became final when the Merit Systems Protection Board (Board) denied review on November 6, 1991, determining that Mr. Curtin had not been subjected to a reduction in pay and thus that the Board lacked subject matter jurisdiction over his appeal. We affirm.
 
 DISCUSSION
 
 2
 The Board's jurisdiction is limited to "any action which is appealable to the Board under any law, rule, or regulation." 5 U.S.C. § 7701(a) (1988). See Smith v. Merit Sys. Protection Bd., 813 F.2d 1216, 1218 (Fed.Cir.1987). Mr. Curtin must prove to the Board by a preponderance of the evidence that it has jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i) (1992).
 
 
 3
 Petitioner argues that the AJ erred in finding that he was not subjected to a reduction in pay within the meaning of 5 U.S.C. § 7512(4) (1988). In particular, petitioner asserts that a reduction in pay occurred when he was reinstated to a lower step than that from which he resigned six months earlier. However, a reduction in pay exists "only when an ascertainable lowering, at the time of the personnel action, of an employee's present or future pay occurs." Chaney v. Veterans Admin., 906 F.2d 697, 698 (Fed.Cir.) (citation omitted), cert. denied, 111 S.Ct. 440 (1990). The fact is undisputed that Mr. Curtin had voluntarily resigned before the reinstatement. Appendix at 22. Thus, Mr. Curtin was not receiving pay from the agency before his reinstatement. As a result, a reduction in pay could not have occurred because, at the time of the personnel action, Mr. Curtin simply did not have any pay that could have been lowered.[1]
 
 
 4
 Because petitioner failed to show any other basis for Board jurisdiction over his case, the AJ correctly declined to consider the timeliness issue. Slip op. at 3 n. 3.
 
 
 5
 We may not upset the AJ's decision unless we determine that it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1988). We discern no such reversible error in this case.
 
 
 
 [1]
 The same fatal flaw applies to petitioner's assertion of jurisdiction under § 366.3 of the Postal Service's Employee and Labor Relations Manual, which also requires a reduction in pay