975 F.2d 869
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert PEARSON, Jr., Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3136.
 United States Court of Appeals, Federal Circuit.
 July 15, 1992.
 
 Before MAYER, MICHEL and LOURIE, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Robert Pearson, Jr. petitions for review of the October 30, 1991 Initial Decision of the Administrative Judge (AJ) in Docket No. NY3443910573-I-1, which became the final decision of the Merit Systems Protection Board (Board) on December 4, 1991 when neither party sought full Board review. Mr. Pearson contests the refusal of the United States Postal Service (USPS), his former employer, to rehire him subsequent to his removal. Lacking jurisdiction, the AJ dismissed Mr. Pearson's appeal. We affirm.
 
 DISCUSSION
 
 2
 The Board's jurisdiction is limited to "any action which is appealable to the Board under any law, rule, or regulation." 5 U.S.C. § 7701(a) (1988). See Smith v. Merit Sys. Protection Bd., 813 F.2d 1216, 1218 (Fed.Cir.1987). As petitioner, Mr. Pearson must prove to the Board by a preponderance of the evidence that it has jurisdiction. 5 C.F.R. § 1201.56(a)(2)(i) (1992).
 
 
 3
 On September 27, 1991, the AJ ordered Mr. Pearson to file evidence and argument that the appeal is within the Board's jurisdiction. Respondent's Appendix at 22. But petitioner made no submissions with respect to the jurisdictional issue, and therefore, indisputably failed to meet his burden of proof. Nor has petitioner attempted to explain to this court his failure to respond to the AJ's order or otherwise establish before the Board or this court that the Board had jurisdiction.
 
 
 4
 Moreover, nothing in the record suggests that petitioner may be entitled to restoration or reemployment rights under the regulations. Mr. Pearson was removed for cause from agency employment. Id. at 8. As a result, the AJ correctly determined that the Board did not have jurisdiction over this routine USPS hiring decision.
 
 
 5
 In his informal brief before the court, petitioner challenges both the USPS' original removal action and the arbitrator's decision sustaining the agency action. But petitioner has never appealed those actions to the Board. Therefore, because the AJ did not, and indeed could not, consider the issues that Mr. Pearson's present challenges raise, we decline to address the issues here.
 
 
 6
 According to statute, we may not upset the AJ's decision unless we determine that it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1988). We discern no such reversible error in this case.