979 F.2d 215
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ronald ADAMS, Plaintiff-Appellant,
and
Mattie Anderson, Carol Dewitt, Richard Ditto, Elliot Franco,
William Gahler David Gillespie, Deborah Harper, Phil
Herbert, Jack Lampman, Dominick Mancini, Dean Mahlke,
Richard Manning Michael McCannany, Shirley Paplow, Daniel
Piccolo, Sally Rosenblum, David Snyder, Herbert Waithe and
unnamed plaintiffs similarly situated. Plaintiffs,
v.
Lawrence GIBBS, Commissioner, Internal Revenue Service,
Nicholas F. Brady, Secretary of the Treasury and
the United States of America,
Defendants-Appellees.
 No. 92-1067.
 United States Court of Appeals, Federal Circuit.
 Aug. 5, 1992.
 
 Before NIES, Chief Judge, and PLAGER and CLEVENGER, Circuit Judges.
 ON MOTION
 CLEVENGER, Circuit Judge.
 
 ORDER
 
 1
 The United States moves for summary affirmance of the February 11, 1991, order of the United States District Court for the Central District of California, which dismissed the complaint of Ronald Adams et al. (Adams) for lack of subject matter jurisdiction. Adams opposes summary affirmance and moves to retransfer his appeal to the United States Court of Appeals for the Ninth Circuit. Adams also moves for oral argument on both his motion to transfer and the United States' motion for summary affirmance. The United States opposes Adams' motion to retransfer and motion for oral argument. Adams has submitted a supplemental brief and a reply to the United States' opposition to his motion to retransfer. The United States has filed a reply to Adams' supplemental brief.
 
 
 2
 Adams, a unionized employee of the Internal Revenue Service, and several hundred similarly situated plaintiffs, filed an action in district court seeking overtime pay under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 et seq. (1982). The amount of such pay claimed by each individual plaintiff is less than $10,000. In accordance with a joint stipulation of the parties, the district court suspended proceedings in the case pending a decision by this court in Carter v. Gibbs, 909 F.2d 1452 (Fed.Cir.) (in banc), cert. denied, 111 S.Ct. 46 (1990). After the Supreme Court denied certiorari in Carter, the government moved to dismiss the case on the basis of the Carter decision. On February 11, 1991, the district court granted the government's motion to dismiss.
 
 
 3
 Adams appealed the district court's order to the United States Court of Appeals for the Ninth Circuit. Adams contended on appeal that the Carter decision was incorrect and should not be followed. The Ninth Circuit determined that it lacked jurisdiction over his appeal and transferred the case to this court. Adams argues before this court that the Ninth Circuit's decision to transfer the case was "plainly wrong," and that we should retransfer the matter back to that court.
 
 I.
 
 4
 As a threshold question, we must consider whether this court or the Ninth Circuit has jurisdiction over the instant appeal. In doing so, we are cognizant of the Supreme Court's admonition in Christianson v. Colt Indus. Operating Corp., 486 U.S. 800 (1988), that circuit courts of appeal are obligated to "adher[e] strictly to principles of law of the case" in order to avoid a "perpetual game of jurisdictional ping-pong...." 486 U.S. at 818-19. Accordingly, we will not retransfer this case to the Ninth Circuit unless we determine that the transfer decision of that court was "clearly erroneous and would work a manifest injustice." Smith v. Orr, 855 F.2d 1544, 1548 (Fed.Cir.1988).
 
 
 5
 Under 28 U.S.C. § 1295(a)(2) (1988), this court has exclusive appellate review of federal district court cases where jurisdiction is "based in whole or in part" on the Little Tucker Act, 28 U.S.C. § 1346 (1988). The Little Tucker Act gives the district courts concurrent jurisdiction with the Claims Court over Tucker Act claims not exceeding $10,000. Under the Tucker Act, 28 U.S.C. § 1491 (1988), the Claims Court has jurisdiction:
 
 
 6
 to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.
 
 
 7
 28 U.S.C. § 1491(a)(1).
 
 
 8
 In his motion to retransfer, Adams argues that the Little Tucker Act does not provide the sole basis for district courts to hear FLSA claims against the government. Adams contends that an FLSA claim may alternatively be brought in district court under the "federal question" statute, 28 U.S.C. § 1331 (1988), without resort to the Little Tucker Act.
 
 
 9
 The Tucker Act and the Little Tucker Act establish a specific jurisdictional scheme for the adjudication of money claims against the government, including money claims arising under the FLSA. The FLSA authorizes employees to bring suit against the federal government in a "court of competent jurisdiction," 29 U.S.C. § 216(b), but does not grant jurisdiction in a particular court. If the FLSA pay claim exceeds $10,000, Little Tucker Act jurisdiction is defeated and the claim must be pursued under the Tucker Act. Zumerling v. Devine, 769 F.2d 745, 749 (Fed.Cir.1985). As specific provisions, the Tucker Act and the Little Tucker Act control over the broader language set forth in § 1331. Broughton Lumber Co. v. Yeutter, 939 F.2d 1547, 1557 (Fed.Cir.1991). To decide otherwise would run counter to the well-established rules of statutory construction and render the Little Tucker Act and Tucker Act superfluous. Cf. Duke Power Co. v. Carolina Envir. Study Group, Inc., 438 U.S. 59, 101-02 (1978) (J. Rehnquist, concurring).
 
 
 10
 The United States Court of Appeals for the Eleventh Circuit recently addressed this issue in Parker v. King, 935 F.2d 1174 (11th Cir.1991), cert. denied, 60 U.S.L.W. 3879 (U.S. June 29, 1992). In Parker, federal employees sought reimbursement for alleged overtime violations of the FLSA. The Eleventh Circuit granted interlocutory review of a district court order transferring the action to the Claims Court. On appeal, the employees contended that § 1331 supplied independent authority for the district court's consideration of their FLSA claims. The Eleventh Circuit rejected this argument, finding, as we did in Zumerling, that the Little Tucker Act was the sole basis for the district court to hear an FLSA claim against the federal government. The Eleventh Circuit therefore transferred the case to this court. Id. at 1178.
 
 
 11
 The Little Tucker Act provides the sole jurisdictional basis for district courts to entertain FLSA claims against the government. Hence, this court retains exclusive appellate jurisdiction over FLSA cases under 28 U.S.C. § 1295(a)(2). See United States v. Hohri, 482 U.S. 64 (1987). Retransfer of Adams' appeal to the Ninth Circuit is therefore inappropriate.
 
 II.
 
 12
 Summary affirmance is appropriate where the position of one of the parties is so clearly correct as a matter of law that there can be no substantial question concerning the outcome of the case. Groendyke Transport, Inc. v. Davis, 406 F.2d 1158 (5th Cir.1969), cert denied, 394 U.S. 1012 (1969); see e.g. Ralston v. Department of the Army, 718 F.2d 390 (Fed.Cir.1983). Here, the district court was clearly correct in dismissing the action for lack of jurisdiction.
 
 
 13
 In Carter v. Gibbs, this court, sitting in banc, held that the Civil Service Reform Act of 1978 deprived district courts of jurisdiction over the FLSA claims of federal employees when the employees were covered by a collective bargaining agreement that did not exclude FLSA pay disputes from the mandatory grievance and arbitration procedures established in the collective bargaining agreement. Adams concedes that Carter v. Gibbs and the instant case arise "from substantially the same transactions or events" and "call for a determination of the same questions of law and fact." Furthermore, the collective bargaining agreement to which Adams is subject does not exclude FLSA claims from the mandatory grievance and arbitration procedures.
 
 
 14
 On appeal, Adams does not seek to distinguish his case from Carter, but rather contends that the case was wrongly decided and should not be followed by the Ninth Circuit. His arguments are identical to those raised and rejected by the in banc court in Carter. We will therefore not revisit those issues here. Consequently, we conclude that the district court correctly dismissed Adams' complaint for lack of subject matter jurisdiction in light of the Carter decision.
 
 
 15
 Accordingly,
 
 IT IS ORDERED THAT:
 
 16
 (1) The United States' motion for summary affirmance is granted.
 
 
 17
 (2) Adams' motion to retransfer is denied.
 
 
 18
 (3) Adams' motion for oral argument is denied.