73 F.3d 380
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Robert L. BUTCHER, Sr., Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3322.
 United States Court of Appeals, Federal Circuit.
 Dec. 15, 1995.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Robert L. Butcher petitions for review of the January 31, 1995 final order of the Merit Systems Protection Board (MSPB or Board), No. AT-3443-94-1025-I-1, dismissing his appeal for lack of jurisdiction. Because Butcher has failed to allege facts that could constitute a basis for Board jurisdiction, we affirm.
 
 DISCUSSION
 
 2
 Butcher challenges three agency actions: his reassignment or change in duties, the agency's refusal to grant his request for reassignment, and the agency's refusal to provide him the training outlined in his Individual Development Plan (IDP). He argues that these three actions together constitute appealable actions because they would support a finding of a constructive demotion, constructive suspension, and/or constructive removal.
 
 
 3
 1. This court has expressly ruled that a reassignment or change in duties is only appealable to the Board if it results in an immediate reduction in grade or in pay. Wilson v. Merit Sys. Protection Bd., 807 F.2d 1577, 1580-81 (Fed.Cir.1986). Butcher does not allege that his pay or grade was reduced. Rather, he alleges that he no longer has as much responsibility as before. In Wilson, we held that a reduction in responsibility was not appealable under the Civil Service Reform Act.
 
 
 4
 Butcher also argues that his reassignment and/or change in responsibilities constitutes a "constructive demotion." In Artmann v. Department of Interior, 926 F.2d 1120 (Fed.Cir.1991), we adopted the Board's definition of "constructive demotion"
 
 
 5
 where an employee is reassigned from a position which due to issuance of a new classification standard or correction of classification error is worth a higher grade, the employee meets the legal and qualification requirements for promotion to the higher grade, and where the employee who held that position is permanently reassigned to a position classified at a grade level lower than the grade level to which the employee would otherwise be promoted....
 
 
 6
 Id. at 1123 (quoting Russell v. Department of Navy, 6 M.S.P.R. 698, 711 (1981)).
 
 
 7
 Here, not only does Butcher not meet the above definition, the changes in Butcher's responsibilities stemmed from his own actions and not the agency's--his request for reassignment and his resignation as Drug Program Coordinator. Because Butcher does not claim that the agency raised the grade of his former position as Drug Program Coordinator due to a new classification standard or correction of classification error, Butcher's allegations that his responsibilities (in his view) were diminished cannot constitute a "constructive demotion" as this court and the Board have defined the term.
 
 
 8
 Butcher also argues that his changed responsibilities amount to a constructive suspension because he alleges he has been deprived of meaningful work. Section 7501(2) of Title 5 defines "suspension" as "the placing of an employee, for disciplinary reasons, in a temporary status without duties and pay." Our cases have also recognized a "constructive" suspension in certain personnel actions that are not formally termed "suspensions" but that remove an employee's duties and cause a loss of pay, thus producing the same effect as actual suspensions. For example, in Pittman v. Merit Systems Protection Board, 832 F.2d 598, 599-600 (Fed.Cir.1987), we held that the Army's placement of an employee on "enforced leave" due to his medical condition, which prevented him from performing in any available position, constituted a suspension of more than 14 days and was therefore appealable to the Board. In Perez v. Merit Systems Protection Board., 931 F.2d 853, 855 (Fed.Cir.1991), however, we held that where an employee has voluntarily absented himself from work, placement in a non-pay status, even for longer than 14 days, is not a constructive suspension or other appealable action. Here, not only were the bases for both Butcher's reassignment and change in duties voluntary, but he never alleged that he was in a non-pay (or even diminished pay) status. Thus, Butcher does not even allege facts upon which a constructive suspension could be found, thereby establishing Board jurisdiction.
 
 
 9
 Similarly, Butcher's argument that the agency constructively removed him must fail as well. A constructive removal occurs when an employee involuntarily resigns or retires. Cruz v. Department of Navy, 934 F.2d 1240, 1244 (Fed.Cir.1991) (in banc). There must be an actual termination, however. Here, Butcher never resigned or retired. Thus, Butcher cannot establish Board jurisdiction by arguing that a constructive removal occurred.
 
 
 10
 2. Butcher's second contested agency action--the agency's refusal to grant Butcher's reassignment--is also not appealable. In Brodt v. Merit Systems Protection Board., 11 F.3d 1060, 1061 (Fed.Cir.1993), we held that an agency's refusal to transfer an employee to another position at the same pay and grade is not an action appealable to the Board and that an allegedly improper motive for not so doing does not make the unappealable action appealable. Additionally, to the extent that Mr. Butcher's argument is that the agency refused to promote him, his action is also not appealable. See Ellison v. Merit Sys. Protection Bd., 7 F.3d 1031, 1034 (Fed.Cir.1993) (non-selection for promotion is not appealable).
 
 
 11
 3. Third, and finally, Butcher argues that the agency did not help him achieve the goals of his IDP. The Board only has jurisdiction over the matters granted to it pursuant to statutory authority. Not only is there no rule or regulation mandating that the agency fulfill the goals set forth in the IDP, but no statute gives the Board jurisdiction over training goals. See Saladin v. Department of Transp., 29 M.S.P.R. 20, 21, (1985) aff'd, 795 F.2d 1019 (Fed.Cir.1986). Butcher argues that his IDP is a contract that the agency breached. We find his argument unpersuasive because the purpose of the IDP is to help the employee identify goals to reach a desired career path--it is not a guarantee that those opportunities will be available. However, even if we were to assume that the IDP was a contract, the agency cannot confer jurisdiction on the Board by an executory contract where jurisdiction otherwise would not exist. See Smith v. Merit Sys. Protection Bd., 813 F.2d 1216, 1218-19 (Fed.Cir.1987).
 
 CONCLUSION
 
 12
 Because Butcher has not alleged any facts that could establish Board jurisdiction, we affirm the Board's dismissal for lack of jurisdiction.