NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3280

MICHAEL KOSTISHAK,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Michael Kostishak, of Burtonsville, Maryland, pro se.

Calvin M. Morrow, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel; Rosa M. Koppel, Deputy General Counsel; and Thomas Auble, Acting Associate General Counsel.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3280

MICHAEL KOSTISHAK,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  January 12, 2007
_____

Before NEWMAN, SCHALL, and MOORE, Circuit Judges.

PER CURIAM.

Michael Kostishak appeals the final decision of the Merit Systems Protection Board ("Board"), Kostishak v. Office of Personnel Management, DC0831050679-I-1 (Apr. 5, 2006), concluding that it does not have jurisdiction over Mr. Kostishak's appeal. We affirm.

## BACKGROUND

In 1992 Mr. Kostishak applied for benefits from the Office of Workers' Compensation Programs ("OWCP").  While his application was pending, he applied to the Office of Personnel Management ("OPM") for a disability retirement annuity under the Civil Service Retirement System ("CSRS"), Chapter 83 of Title 5.  See 5 U.S.C. §

8337 (2000). OPM granted the retirement annuity under the CSRS. In 1997, OWCP approved Mr. Kostishak's application for worker's compensation and Mr. Kostishak elected to receive OWCP benefits retroactive to the date when his disability retirement annuity under CSRS began. Mr. Kostishak repaid the annuity payments he received from OPM under the CSRS out of his OWCP account.

After he paid OPM back for his annuity payments, Mr. Kostishak requested a refund of life insurance premiums that were withheld from his disability retirement payments by OPM. OPM denied Mr. Kostishak's request. OPM explained that he was subject to the mandatory premium deductions for basic life insurance under the Federal Employees' Group Life Insurance Act ("FEGLIA") and that OPM correctly withheld life insurance premiums. See 5 U.S.C. § 8707(b)(1) (2000). Mr. Kostishak filed a request for reconsideration of that decision. OPM denied that request as untimely, but stated in its letter that Mr. Kostishak had the right to appeal its decision to the Board.

When Mr. Kostishak filed his appeal to the Board, OPM withdrew its decision dismissing Mr. Kostishak's request for reconsideration and indicated that it would reconsider the merits of his request. The Administrative Judge ("AJ") concluded that OPM's rescission of its decision left the Board with no jurisdiction and dismissed the appeal. Mr. Kostishak then filed a petition for review of the AJ's dismissal. The Board denied the petition for review, reopened the appeal on its own motion, vacated the initial decision, and dismissed the appeal for lack of jurisdiction on a separate basis from that stated by the AJ. Mr. Kostishak filed a timely appeal of that dismissal to this court.

DISCUSSION

Our review of the Board's decisions is limited by statute. See 5 U.S.C. § 7703(c). We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." Id.

The Board's jurisdiction is limited to those areas specifically provided for by statute, rule or regulation. Saunders v. Merit Sys. Prot. Bd., 757 F.2d 1288, 1290 (Fed. Cir. 1985). We review the Board's jurisdictional conclusions de novo. Harding v. Dept. of Veterans Affairs, 448 F.3d 1373, 1375 (Fed. Cir. 2006). We are, however, "bound by the AJ's factual determinations unless those findings are not supported by substantial evidence." Bolton v. Merit Sys. Prot. Bd., 154 F.3d 1313, 1316 (Fed. Cir. 1998). The petitioner bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. See 5 C.F.R. 1201.56(a)(2)(i); Harding, 448 F.3d at 1375.

We have held that the Board does not have jurisdiction over decisions related to life insurance deductions under FEGLIA. See Lewis v. Merit Sys. Prot. Bd., 301 F.3d 1352, 1353 (Fed. Cir. 2002) (finding no jurisdiction with Board for an annuitant's claim that OPM should permit him to purchase life insurance); Miller v. Office of Pers. Mgmt., 449 F.3d 1374, 1377 (Fed. Cir. 2006) (finding no jurisdiction with Board for an annuitant's claim that she should not be required to pay retroactive premiums under FEGLIA on an annuity under the Federal Employees Retirement System ("FERS")). Jurisdiction for claims arising under FEGLIA, Chapter 87 of Title 5 of the United States Code, is governed by 5 U.S.C. § 8715, which grants jurisdiction in the United States

district courts and the United States Court of Federal Claims. <u>See</u> 5 U.S.C. § 8715 (2000).

Because Mr. Kostishak's claim is that he should be entitled to a refund of insurance premiums withheld from his annuity pursuant to FEGLIA, jurisdiction properly lies with the United States district courts or the United States Court of Federal Claims and not with the Board. <u>See</u> 5 U.S.C. § 8715; <u>Miller</u>, 449 F.3d at 1381. That Mr. Kostishak received a letter indicating that he had appeal rights to the Board is of no consequence because OPM was not authorized by Congress to enlarge the Board's jurisdiction to cover claims under arising under FEGLIA. <u>See</u> <u>Schwartz v. Dept. of Transp.</u>, 714 F.2d 1581, 1582-83 (Fed. Cir. 1983) (finding that agency regulation could not create jurisdiction to the Board where Congress did not authorize agency to expand the Board's jurisdiction).

## CONCLUSION

Accordingly we affirm the Board's dismissal of Kostishak's appeal for lack of jurisdiction.

## COSTS

No costs.