**Richard W. LEWIS, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3113.

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 22, 2002.

Richard W. Lewis, of Roselle, NJ, appearing pro se.

Jeffrey A. Gauger, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were Lynn A. Jennings, General Counsel; and Martha B. Schneider, Deputy General Counsel.

Before NEWMAN, MICHEL, and CLEVENGER, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Richard W. Lewis petitions for review of the decision of the Merit Systems Protection Board, Docket No. NY831M010189–I–1, dismissing his appeal for lack of jurisdiction. We affirm the decision of the Board.

## BACKGROUND

Mr. Lewis retired from the Postal Service effective November 1, 1997. In a subsequent, undated letter, OPM informed Mr. Lewis that it had failed to withhold from his retirement annuity payments the cost of his life insurance from September 1, 1999 through April 30, 2000. The failure to withhold the premiums had resulted in an overpayment to Mr. Lewis of $461.20, which OPM intended to collect by reducing subsequent monthly annuity payments. Although OPM acknowledged that Mr. Lewis was in no way responsible for the mistake, his request that the repayment be waived was denied, OPM concluding that the equities of the case did not require a waiver.

Mr. Lewis appealed to the Merit Systems Protection Board. The appeal raised two issues: (1) that OPM's demand for repayment was an attempt to bill him for benefits he had not received, and (2) that OPM had wrongfully refused to permit him to purchase additional life insurance at the same rate. OPM then waived repayment of the $461.20, and moved for dismissal because the only remaining issue was not within the Board's jurisdiction. The Board dismissed for lack of jurisdiction, and this petition followed.

## DISCUSSION

Mr. Lewis recognized that the government has waived its demand for repayment, and argues only that he has the right to appeal OPM's refusal to permit him to purchase more insurance coverage. Such appeal, however, is not to the Merit Systems Protection Board.

Chapter 87 of Title 5 of the United States Code relates to the provision of life insurance for federal employees and retirees. Appeal rights as to Chapter 87 are set forth in 5 U.S.C. § 8715, which provides:

**Jurisdiction of courts**

The district courts of the United States have original jurisdiction, concurrent with the United States Court of Federal Claims, of a civil action or claim against the United States founded on this chapter.

This provision has been interpreted to mean that the district courts and the Court of Federal Claims have jurisdiction of "a claim against the Government ... under the life insurance act 'to the extent that [the] claim can be shown to involve some right created by [that] Act and a breach by the Government of some duty with respect thereto.'" *Walker v. United States*, 161 Ct.Cl. 792, 800 (Ct.Cl.1963) (cit-

ing *Barnes v. United States,* 307 F.2d 655, 657–8 (D.C.Cir.1962)); *see also Metropolitan Life Insurance Co. v. Atkins,* 225 F.3d 510, 513 (5th Cir.2000) ("It is clear, based on § 8715, that the United States has consented to be sued for any breach of legal duty owed by it under FEGLIA."). Thus Mr. Lewis' claim, to the extent he alleges a breach by OPM of a duty to permit him to purchase additional life insurance, lies in the Court of Federal Claims or the district courts.

The provisions of the Code granting jurisdiction in the Merit Systems Protection Board over appeals from decisions of OPM in administering the federal retirement systems are found at 5 U.S.C. § 8347(d)(1) (Civil Service Retirement System) and 5 U.S.C. § 8461(e)(1) (Federal Employees' Retirement System). Both of these statutory provisions authorize appeal from OPM decisions in administering their respective chapters: Chapter 83 of Title 5 (Civil Service Retirement System) for appeals under 5 U.S.C. § 8347(d)(1), and Chapter 84 of Title 5 (Federal Employees' Retirement System) for appeals under 5 U.S.C. § 8461(e)(1). *See, e.g.,* 5 U.S.C. § 8347(d)(1) ("[A]n administrative action or order affecting the rights or interests of an individual or of the United States under this subchapter may be appealed to the Merit Systems Protection Board ..."). Since life insurance provisions for federal employees are not subject to Chapters 83 or 84 of Title 5, they are not included in the assignment of jurisdiction of the Board.

The administrative judge issued a show cause order in which he informed Mr. Lewis that he knew "of no law, rule or regulation which provides for an appeal of the denial of life insurance benefits to the Board," and provided Mr. Lewis the opportunity to establish otherwise. Mr. Lewis did not do so. However, in his petition for reconsideration by the full Board, Mr. Lewis cites "Public Law 105–311." That statute, the Federal Employees Life Insurance Improvement Act of 1998, 112 Stat. 2950, does not provide for Board review of OPM decisions regarding the denial of purchase of additional life insurance. Although § 10 of the Act is titled "Merit System Judicial Review," that section merely adjusts the time limits during which an appeal from the Board may be taken to this court. It does not provide a new grant of jurisdiction to the Board.

The relevant statutes provide that any appeal of OPM's action denying the purchase of additional insurance lies with the district courts or the Court of Federal Claims, not with the Merit Systems Protection Board. The decision of the Board dismissing Mr. Lewis' claim for lack of jurisdiction is

*AFFIRMED.*