Mary E. BEMUS, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

No. 02–3319.

United States Court of Appeals, Federal Circuit.

Feb. 4, 2003.

Before MICHEL, RADER, and PROST, Circuit Judges.

PER CURIAM.

Mary E. Bemus petitions for review of the final decision of the Merit Systems Protection Board ("MSPB"), which dismissed her appeal from a decision of the Office of Personnel Management ("OPM") on the basis that the MSPB lacked jurisdiction over the subject matter of her appeal. *Bemus v. Office of Pers. Mgmt.*, Docket No. CH–0870–02–0241–1–1 (May 6, 2002). The OPM denied Bemus's application for life insurance benefits accrued by her former spouse, Vernon Bemus, who died on September 7, 2001. The MSPB held that it lacked jurisdiction over the petitioner's appeal because the relevant life insurance benefits, the ones accrued under the Federal Employees Group Life Insurance Act, are governed by Chapter 87 of Title 5, which does not come under the MSPB's jurisdiction statute, 5 U.S.C. § 8347(d). *Bemus v. Office of Pers. Mgmt.*, Docket No. CH–0870–02–0241–1–1, slip op. at 2–3 (Feb. 28, 2002). The MSPB also found that OPM's error in informing the petitioner of a right to appeal to the MSPB did not confer jurisdiction on the MSPB. *Id.* at 3. Because the MSPB's deci-

sion is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, *see* 5 U.S.C. § 7703(c)(1), we must *affirm*.

The MSPB has jurisdiction under 5 U.S.C. § 8347(d)(1) to review final decisions of OPM concerning rights and interests under the retirement statutes in Chapter 83 of Title 5. Life insurance benefits paid under the Federal Employees Group Life Insurance Act, as codified, 5 U.S.C. §§ 8701 *et seq.*, however, are governed by 5 U.S.C. § 8714. Jurisdiction over claims based on Chapter 87 is expressly placed in the United States district courts and the Court of Federal Claims by 5 U.S.C. § 8715. *See Lewis v. Merit Sys. Protection Bd.*, 301 F.3d 1352, 1353–54 (Fed.Cir.2002) (holding that to the extent the petitioner alleged a breach by OPM of a duty to permit him to purchase additional life insurance, his appeal right lay in the Court of Federal Claims or the district courts, not with the MSPB). 5 U.S.C. § 8715 provides:

> The district courts of the United States have original jurisdiction, concurrent with the United States Court of Federal Claims, of a civil action or claim against the United States founded on this chapter.

The jurisdiction over Bemus's Federal Employees Group Life Insurance Act claim clearly does not lie with the MSPB.

In addition, any misstatement by OPM cannot confer jurisdiction on the MSPB where, by law, there is none. The MSPB's jurisdiction under 5 U.S.C. § 7701(a) is limited to agency actions that are made appealable to the MSPB by law, rule or regulation. *Cf. Anderson v. Merit Sys. Protection Bd.*, 12 F.3d 1069, 1071 (Fed. Cir.1993) (holding that because "estoppel requires a forum" so "it cannot be used to build a forum," the MSPB's jurisdiction

may not be broadened on the basis of government error or misconduct).

We therefore affirm the MSPB's dismissal of Bemus's appeal for lack of jurisdiction.