NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3150

VINNIE RICHARDSON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Vinnie Richardson, of San Antonio, Texas, pro se.

Devin A. Wolak, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3150

VINNIE RICHARDSON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board
in DC-0831-09-0070-I-1

_____

DECIDED: October 6, 2009

_____

Before LOURIE, DYK, and PROST, Circuit Judges.

PER CURIAM.

Vinnie Richardson appeals the final decision of the Merit Systems Protection Board ("Board") affirming the Office of Personnel Management's ("OPM") decision rejecting Ms. Richardson's claim for a spousal annuity and other benefits. Richardson v. Office of Pers. Mgt., No. DC-0831-09-0070-I-1 (M.S.P.B. Mar. 24, 2009). We affirm.

BACKGROUND

Ms. Vinnie Richardson is the spouse of Nahum L. Richardson. Mr. Richardson is a retired federal employee who receives an annuity and other benefits based on his prior government employment. Upon his retirement in 2002, Mr. Richardson, with the consent of Ms. Richardson, elected to receive a reduced annuity so that he knew his

wife would receive a partial survivor annuity. Mr. and Ms. Richardson separated in August of 2005. An October 2005 order entered by the General Court of Justice, District Court Division, County of Craven, State of North Carolina stated that "[t]he Defendant [Mr. Richardson] shall pay to the Plaintiff [Ms. Richardson] for post-separation support an amount of $250.00 monthly beginning September 1, 2005 and ending September 1, 2006." Resp't's App. 19. The order also stated that "[t]he Defendant [Mr. Richardson] shall continue to pay, for the benefit of the Plaintiff [Ms. Richardson], the premiums due on the medical, life and auto insurance policies." Id. It appears that Ms. Richardson was thereafter removed from Mr. Richardson's federal medical insurance policy.

On March 29, 2007, Ms. Richardson wrote to OPM requesting that OPM "grant a re-instatement of [her] health insurance." Resp't's App. 17. Ms. Richardson also asked that OPM "refrain from cancellations or change[s] [to] life insurance policies per attached [October 2005] court order." Id. Ms. Richardson at some point also requested that OPM order that she be paid a spousal annuity. On September 26, 2008, OPM denied Ms. Richardson's requests, finding that it could not order payment to Ms. Richardson of a portion of Mr. Richardson's retirement annuity, nor could it take action with respect to Mr. Richardson's health insurance policy. First, OPM concluded that the October 2005 order submitted by Ms. Richardson did not constitute a "Decree of Legal Separation" upon which OPM could act. Id. at 20. Second, OPM noted that the court order directs Mr. Richardson to pay Ms. Richardson, not OPM to pay Ms. Richardson. Finally, OPM informed Ms. Richardson that it lacked authority to enforce a court order directing a federal annuitant to maintain spousal coverage under his Federal Employees

Group Health Insurance. OPM denied reconsideration. On October 28, 2008, Ms. Richardson appealed OPM's decision to the Board. The administrative judge affirmed the agency action in an initial decision dated January 15, 2009. See Richardson v. Office of Pers. Mgmt., No. DC-0831-09-0070-I-1 (M.S.P.B. Jan. 15, 2009). Ms. Richardson timely petitioned for review by the full Board. On March 24, 2009, the Board denied her petition, making the decision of the administrative judge, the decision of the Board. See Richardson v. Office of Pers. Mgmt., No. DC-0831-09-0070-I-1 (M.S.P.B. Mar. 24, 2009). Ms. Richardson timely appealed the Board's decision to this Court.

## DISCUSSION

We must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); Tunik v. Merit Sys. Prot. Bd., 407 F.3d 1326, 1330 (Fed. Cir. 2005).

We agree with the Board's conclusion that Ms. Richardson is not entitled to an order from OPM directing the payment of an annuity. Federal law requires OPM to direct payments from Civil Service Retirement annuities "to another person if and to the extent expressly provided for in the terms of . . . any court decree of . . . legal separation." 5 U.S.C. § 8345(j)(1). OPM regulations further state that OPM is "responsible for authorizing payments in accordance with clear, specific and express provisions of court orders acceptable for processing." 5 C.F.R. § 838.121. Additionally, under 5 C.F.R. § 838.303,

(a) A court order directed at employee annuity is not a court order acceptable for processing unless it expressly divides the employee annuity as provided in paragraph (b) of this section.

(b) To expressly divide employee annuity as required by paragraph (a) of this section the court order must—

(1) Identify the retirement system using terms that are sufficient to identify the retirement system as explained in § 838.611; and

(2) Expressly state that the former spouse is entitled to a portion of the employee annuity using terms that are sufficient to identify the employee annuity as explained in § 838.612.

Here, as noted by the Board, the October 2005 court order does not direct OPM to pay Ms. Richardson a portion of her husband's annuity. The order only requires Mr. Richardson to pay spousal maintenance, and does not specify the means by which he must do so. We recognize that no "magic words" are required in a court order for an annuity to be assigned. See Snyder v. Office of Pers. Mgmt., 463 F.3d 1338, 1342 (Fed. Cir. 2006). But this is not a situation in which the intent of the order is clear and it is appropriate to decline to follow the rigid requirements of the regulations. See, e.g., Hayward v. Office of Pers. Mgmt., 578 F.3d 1337, 1350 (Fed. Cir. 2009). Absent a court order directing OPM to pay Ms. Richardson from Mr. Richardson's annuity, the Board correctly observed that OPM does not have the authority to grant the benefits requested.[1]

---

[1]     We note that 5 C.F.R. § 838.304 provides:

(a) A court order directed at employee annuity is not a court order acceptable for processing unless it provides for OPM to pay the former spouse a portion of an employee annuity as provided in paragraph (b) of this section.

The Board was also correct in concluding that it lacks jurisdiction to consider Ms. Richardson's request to be added to her husband's Federal Employees Group Health Insurance. The Board's jurisdiction over federal retirement systems is prescribed by statute at 5 U.S.C. § 8347(d)(1) (authorizing appeals from final decisions concerning Civil Service Retirement System), and 5 U.S.C. § 8641(e)(1) (authorizing appeals from final decisions concerning Federal Employees' Retirement System). Lewis v. Merit Sys. Prot. Bd., 301 F.3d 1352, 1354 (Fed. Cir. 2002). However, health insurance benefits paid under the Federal Employees Health Benefits Program ("FEHBP"), 5 U.S.C. §§ 8901 et seq., are governed by Chapter 89 of Title 5. Jurisdiction over FEHBP claims rests with the United States district courts and the Court of Federal Claims, not with the Board. 5 U.S.C. § 8912. Therefore, the Board was correct to refrain from exercising jurisdiction over Ms. Richardson's request to reinstate her to her husband's FEHBP insurance.

---

(b) To provide for OPM to pay the former spouse a portion of an employee annuity as required by paragraph (a) of this section the court order must—
(1) Expressly direct OPM to pay the former spouse directly;

(2) Direct the retiree to arrange or to execute forms for OPM to pay the former spouse directly; or

(3) Be silent concerning who is to pay the portion of the employee annuity awarded to the former spouse.

5 C.F.R. § 838.304(b)(3) was not addressed by the government in its briefing. We understand this section to refer to instances in which the state court directed in its order that a portion of an annuity "shall be paid" to a spouse, but did not explicitly state who shall pay. We do not understand this subsection to be applicable in Ms. Richardson's situation, where the court order was entirely silent as to any rights she may have in Mr. Richardson's annuity.

Ms. Richardson also appears to be arguing that she is entitled to all or a portion of a survivor annuity.[2] However, the state court decree makes no reference to a survivor annuity. In any event, as there is no evidence that Mr. Richardson has died, Ms. Richardson's claim to all or a portion of a survivor annuity is premature.[3]

## COSTS

No costs.

---

[2] In her informal briefing, Ms. Richardson repeatedly invokes "Title 5 section 8341 relative to joint Designations." See, e.g., Informal Br. of Pet'r 1. 5 U.S.C. § 8341 addresses survivor annuities.

[3] We, like the Board, do not reach the question of whether the court order submitted by Ms. Richardson constitutes a "Decree of Legal Separation."