## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

HAZEL ELIZABETH SCOTT,

      Appellant,

          v.

OFFICE OF PERSONNEL
   MANAGEMENT,

      Agency.

DOCKET NUMBER
AT-0831-13-7351-I-1

DATE: August 20, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Hazel Elizabeth Scott</u>, North Charleston, South Carolina, pro se.

<u>Christopher H. Ziebarth</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of the Office of Personnel Management's (OPM's) letter concerning the appellant's request for benefits provided by the Federal Employees' Group Life Insurance (FEGLI) program.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant initiated a Board appeal challenging OPM's December 21, 2012 letter concerning her request for benefits provided by the FEGLI program. Initial Appeal File (IAF), Tab 1 at 3-4; *see* IAF, Tab 5 at 5. The administrative judge apprised the appellant of her burden of establishing the Board's jurisdiction by a preponderance of the evidence. IAF, Tab 3 at 1. The administrative judge further informed the appellant that the Board lacks jurisdiction over the administration of the FEGLI program and issued a show cause order providing the appellant with the opportunity to submit evidence and argument to prove that her appeal was within the Board's jurisdiction. *Id.* at 1-3. The administrative judge also stayed addressing the merits of the appeal until after jurisdiction was established and notified the parties when the record on the jurisdictional issue would close. *Id.* at 2-3. The appellant filed a response. IAF, Tab 7.

¶3 In an initial decision issued without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision (ID) at 1, 3. The administrative judge found that the Board lacks

jurisdiction over the appellant's claim regarding the administration of FEGLI benefits.  ID at 1-3.  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 4.

¶4        In her petition for review, the appellant generally reasserts her allegation that OPM wrongfully denied her request regarding FEGLI coverage.  PFR File, Tab 1 at 4-6.  The appellant has not submitted any new and material argument or evidence to warrant disturbing the administrative judge's finding that the Board lacks jurisdiction over her claim.  *See* 5 C.F.R. § 1201.115(d).  The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant has the burden of establishing by a preponderance of the evidence that the Board has jurisdiction over her appeal.  5 C.F.R. § 1201.56(a)(2)(i).

¶5        The provisions of the U.S. Code granting the Board jurisdiction over appeals from final decisions of OPM in administering the federal retirement systems are found at 5 U.S.C. § 8347(d)(1) (Civil Service Retirement System (CSRS)) and 5 U.S.C. § 8461(e)(1) (Federal Employees' Retirement System (FERS)).  *Lewis v. Merit Systems Protection Board*, 301 F.3d 1352, 1354 (Fed. Cir. 2002).  Both of these statutory provisions authorize appeals from OPM decisions in administering their respective chapters:  section 8347(d)(1) authorizes appeals from final decisions under chapter 83 of Title 5 (CSRS), and section 8461(e)(1) authorizes appeals from final decisions under chapter 84 of Title 5 (FERS).  *See Lewis*, 301 F.3d at 1354.  Life insurance benefits paid under the FEGLI Act, 5 U.S.C. §§ 8701 et seq., however, are governed by chapter 87 of Title 5.  *Richards v. Office of Personnel Management*, 97 M.S.P.R. 291, ¶ 6 (2004).  Jurisdiction over claims based on chapter 87 is expressly placed in the United States district courts and the Court of Federal Claims by 5 U.S.C. § 8715.  *See Lewis*, 301 F.3d at 1353.

¶6    Because life insurance provisions for federal employees are not subject to chapters 83 or 84 of Title 5, they are not included in the assignment of jurisdiction to the Board. *Id.* at 1353-54 (jurisdiction over the appellant's right to appeal OPM's refusal to permit him to purchase additional life insurance lay in the United States Court of Federal Claims or the United States district courts, not with the Board); *see Richards*, 97 M.S.P.R. 291, ¶¶ 6-7 (the Board clearly lacks jurisdiction to consider the appellant's appeal of OPM's decision to deny her FEGLI election).   Thus, as a matter of law, the Board lacks jurisdiction to consider the appellant's appeal of OPM's December 21, 2012 letter concerning coverage under the FEGLI program.

¶7    On review, the appellant makes several broad allegations that the administrative judge did not follow required procedures during the course of the initial appeal. PFR File, Tab 1 at 4-6. Specifically, the appellant alleges that the administrative judge failed to evaluate all the pertinent evidence, failed to advise her of any further actions in reference to her case, failed to investigate her claims, denied her request for a hearing, failed to notify her that her initial appeal had been closed, and denied her right to engage in discovery. *Id.*

¶8    The appellant's allegations do not show that the administrative judge made any procedural error.  *See* 5 C.F.R. § 1201.115(c).  The administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).  Also, the administrative judge properly considered, as specified in the show cause order, only evidence bearing on the jurisdictional issue and not on the merits.  *See* IAF, Tab 3 at 2-3.  The appellant had notice of Board procedures through the acknowledgment order and the show cause order and thus was aware of any actions she could take in reference to her case.  IAF, Tabs 2, 3.  The Board lacks investigative authority, so it could not investigate the appellant's claims. *See* 5 U.S.C. § 1204.  There is no statutory requirement that the Board hold a

hearing on the threshold issue of jurisdiction. *Manning v. Merit Systems Protection Board*, 742 F.2d 1424, 1427 (Fed. Cir. 1984). Here, the administrative judge did not hold a hearing because she properly found that there was no factual dispute on the issue of jurisdiction. ID at 1; *see Manning*, 742 F.2d at 1427-28. The appellant offered no evidence supporting her allegation that she did not receive the initial decision by mail or lacked notice that her initial appeal had closed. *See* PFR File, Tab 1 at 4-6. We presume that the initial decision was duly delivered to, and received by, the appellant because the certificate of service shows that the initial decision was mailed to the appellant's address of record. IAF, Tab 9; *see Deville v. Government Printing Office*, 93 M.S.P.R. 187, ¶ 11 (2002). Finally, the administrative judge did not prevent the appellant from engaging in discovery. The administrative judge informed the appellant of discovery procedures in the acknowledgment order and later, in the stay cause order, limited the record to the jurisdictional issue. *See* IAF, Tab 2 at 3, Tab 3 at 2-3. The appellant failed to initiate discovery, relevant to the jurisdictional issue, by serving a request for discovery on the agency or filing a motion to compel discovery. *See* 5 C.F.R. § 1201.73.

¶9       Moreover, procedural error by the administrative judge is of no legal consequence unless it is shown to have adversely affected a party's substantive rights. *Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981); *see* 5 C.F.R. § 1201.115(c). The proponent of the alleged error bears the burden of demonstrating that the error adversely affected those rights. *Karapinka*, 6 M.S.P.R. at 127. Here, the appellant has failed to show any prejudicial error denigrating the appellant's substantive rights resulting from the administrative judge's alleged error. *See id*. The administrative judge apprised the appellant of her burden of proving by preponderant evidence the Board's jurisdiction and informed her of the possibility that the Board might lack jurisdiction over her claim. IAF, Tab 3 at 1-2. The appellant was on notice from the show cause order that the record was limited to submitting argument and evidence on the

jurisdictional issue and that the record would close on November 5, 2013, unless instructed otherwise. *Id.* at 2-3. Accordingly, the appellant had a full opportunity to submit argument and evidence on the jurisdictional issue and has failed to show that any of the alleged procedural errors negatively affected her substantive rights.

¶10    In her petition for review, the appellant alleges that the administrative judge dismissed her appeal in retaliation for having filed it and for having "blown the whistle" on OPM's alleged fraud. PFR File, Tab 1 at 2-3, 5. We interpret her reprisal claim as an allegation that the administrative judge was biased against her. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An allegation of bias by an administrative judge must be raised as soon as practicable after a party has reasonable cause to believe that grounds for disqualification exist and must be supported by an affidavit. *Lee v. U.S. Postal Service*, 48 M.S.P.R. 274, 280-82 (1991). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Here, the appellant's vague, unsupported allegations that the administrative judge was predisposed to rule against her do not satisfy these standards. The appellant has not supported her claims with an affidavit, and there is nothing in the record to support a finding of bias by the administrative judge. The administrative judge's dismissal of the appellant's initial appeal does not show bias. *See Caracciolo v. Department of the Treasury*, 105 M.S.P.R. 663, ¶ 14 (2007) (disagreement with an administrative judge's rulings in an earlier appeal is insufficient to establish

bias). Therefore, the appellant has not established that the administrative judge was biased against her.

¶11 To the extent that the appellant disagrees with the Board's decision in past appeals, the appellant has no further right to review of those appeals by the Board.[2] In conclusion, the appellant has not provided a reason to disturb the administrative judge's finding that the Board lacks jurisdiction over her appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

---

[2] For instance, the administrative judge's initial decision in *Wrighten v. Office of Personnel Management*, MSPB Docket Nos. AT-831M-00-0603-B-1 and AT-0831-01-0324-B-1, became the Board's final decision on January 23, 2002, after neither party filed a petition for review of the initial decision dated December 19, 2001. The U.S. Court of Appeals for the Federal Circuit dismissed her appeal for failure to prosecute in accordance with the court's rules. *Wrighten v. Office of Personnel Management*, 66 F. App'x 882 (Fed. Cir. 2003).

Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.