# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| M. CARMEN LUNA,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DA-831M-14-0569-C-1 |
| v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　Agency. | DATE: June 30, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Anthony Rogers, San Antonio, Texas, for the appellant.

Lesley Gordon, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the compliance initial decision, which denied her petition for enforcement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The administrative judge issued an initial decision on October 1, 2014, reversing the Office of Personnel Management's (OPM's) reconsideration decision finding that the appellant had received an annuity overpayment.  *See Luna v. Office of Personnel Management*, MSPB Docket No. DA-831M-14-0569-I-1, Initial Appeal File (IAF), Tab 14, Initial Decision (ID) at 1.   The administrative judge found that OPM failed to submit any evidence to support its finding that the appellant received an overpayment of her annuity and ordered OPM to waive collection of the overpayment amount of $301,327.63.  ID at 2-3.  The administrative judge also ordered OPM to pay the appellant the amount of money (if any) that it had already deducted from her annuity based on the alleged overpayment.[2]  ID at 3.

¶3        The appellant filed a petition for enforcement on December 3, 2014, arguing that OPM failed to inform her in writing of the actions taken to comply with the Board's final order.  *See Luna v. Office of Personnel Management*, MSPB Docket No. DA-831M-14-0569-C-1, Compliance File (CF), Tab 1 at 3.

---

[2] Neither party filed a petition for review of the initial decision; therefore, it became final on November 4, 2014.

The appellant further stated that OPM failed to restore her annuity and her health insurance, which left her unable to pay for urgent medical care. *Id*. at 2-3.

¶4 OPM responded to the appellant's petition by stating that it had fully complied with the Board's order by waiving the overpayment of $301,327.63 and terminating all collection actions. CF, Tab 10 at 4. OPM also stated that "[t]here were no previously withheld deductions based on the overpayment," and that OPM's deductions for the Federal Employee Health Benefits Plan (FEHBP) premiums and income taxes are not related to the alleged overpayment recovery and are not reviewable by the Board. *Id.*; CF, Tab 14 at 5-7. In addition, OPM submitted a November 5, 2014 letter notifying the appellant that it had complied with the Board's order. CF, Tab 10 at 6. In that letter, OPM further stated that it would issue a final decision concerning the appellant's entitlement to an annuity and health coverage. *Id.*

¶5 The appellant argued in response that OPM notified her that it was withholding her annuity and terminating her health benefits. CF, Tab 11 at 4-5. She also submitted several documents including, inter alia, a May 29, 2014 letter from OPM denying her request to reinstate her annuity and FEHBP eligibility and a July 15, 2014 reconsideration decision from OPM affirming its initial determination that the appellant was overpaid $301,327.63 in annuity benefits. CF, Tab 12 at 5, 13.

¶6 The administrative judge issued a memorandum determining that the only issue in dispute was whether OPM complied with the Board's October 1, 2014 initial decision ordering OPM to waive the collection of $301,327.63 and to pay the appellant money (if any) that OPM had already deducted from her annuity based on the alleged overpayment. CF, Tab 16 at 1-2. The administrative judge also stated that, based on her review of the parties' submissions, OPM showed that it had complied with the Board's order in the October 1, 2014 initial decision. *Id*. at 2. The administrative judge further found that the record in this petition for enforcement did not include an OPM reconsideration decision

terminating the appellant's annuity and health benefits and that those matters were not the subject of her petition for enforcement. *Id*.; CF, Tab 17, Compliance Initial Decision (CID) at 3, n.2. Although the administrative judge directed the parties to file any objections or motions to supplement her memorandum in writing before February 13, 2015, neither party responded. CF, Tab 16 at 2.

¶7 The administrative judge subsequently denied the appellant's petition for enforcement, finding that OPM proved by preponderant evidence that it had complied with the Board's final order. CID at 3-4. The administrative judge also noted in the compliance initial decision that the appellant did not dispute OPM's assertion that it did not make any prior deductions from her annuity based on the alleged overpayment or challenge OPM's statement that it waived the alleged overpayment and terminated collection efforts. CID at 3. The appellant has filed a timely petition for review arguing that the administrative judge failed to recognize that OPM's initial decision concerning her annuity and health benefits was a final appealable decision because OPM failed to act on those matters. Compliance Petition for Review (CPFR) File, Tab 1 at 6-7. OPM has filed a response in opposition to the appellant's petition for review. CPFR File, Tab 3.

¶8 The appellant's arguments on review present no reason to disturb the initial decision denying her petition for enforcement. On review, the appellant does not dispute that OPM proved by preponderant evidence that it complied with the Board's order concerning the alleged overpayment. Moreover, as the administrative judge noted in her compliance initial decision, the appellant filed a separate appeal challenging OPM's November 12, 2014 reconsideration decision affirming its May 29, 2014 initial decision finding that the appellant was not entitled to reinstatement of her annuity or health benefits coverage. CID at 3 n.2; *see Luna v. Office of Personnel Management*, MSPB Docket No. DA-0831-15-

0253-I-1 (0253), IAF, Tab 1 at 4, 7-11.[3]  We therefore find that the appellant's claims regarding her annuity and her health benefits are not properly before the Board in this proceeding.[4]  We therefore deny the appellant's petition for review.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in

---

[3] Although the administrative judge dismissed the 0253 appeal without prejudice on May 15, 2015, she further ordered that the appeal would be refiled automatically within 30 days after the Board issues its decision on the appellant's petition for review in this enforcement action.  *Luna v. Office of Personnel Management*, MSPB Docket No. DA-0831-15-0253-I-1, Initial Decision (May 15, 2015).

[4] OPM decisions concerning federal health insurance benefits and its administration of the FEHBP are final and are not reviewable by the Board.  *Lee v. Office of Personnel Management*, 32 M.S.P.R. 149, 152 (1987); *see Richardson v. Office of Personnel Management*, 347 F. App'x 574, 577 (Fed. Cir. 2009) ("Jurisdiction over FEHBP claims rests with the United States district courts and the Court of Federal Claims, not with the Board.  5 U.S.C. § 8912.").

Title 5 of the United States Code, section 7703 ([5 U.S.C. § 7703](#)) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at [http://www.mspb.gov/probono](#) for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.