NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HAZEL ELIZABETH SCOTT,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3048

---

Petition for review of the Merit Systems Protection Board in No. AT-0831-13-7351-I-1.

---

Decided: October 9, 2015

---

HAZEL ELIZABETH SCOTT, Elko, SC, pro se.

SARA B. REARDEN, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before O'MALLEY, PLAGER, and BRYSON, *Circuit Judges.*

PER CURIAM.

Appellant Hazel E. Scott ("Scott") appeals the final decision of the Merit Systems Protection Board ("Board") dismissing her appeal of for lack of jurisdiction. *Scott v. Office of Pers. Mgmt.*, No. AT-0831-13-7351-I-1, 2014 WL 5388205, at *1 (M.S.P.B. Aug. 20, 2014). Because we agree that the Board lacks jurisdiction over Scott's appeal, we affirm.

## BACKGROUND

On December 21, 2012, in response to Scott's request for death benefits, the Office of Personnel Management ("OPM") sent her a letter stating that she could not claim such benefits under the Federal Employees' Group Life Insurance ("FEGLI") program because she "did not have family option C life insurance at the time of [her] family member's death." Respondent's Appendix ("R.A.") 34, R.A.61.

On July 16, 2013, Scott filed an appeal of OPM's decision with the Board's Atlanta Regional Office. According to the appeal form submitted by Scott, OPM had made the following findings, *inter alia*, in support of its Final Decision rejecting her claim: (1) appellant did not carry FEGLI Option C, Family Insurance at the time of her retirement; (2) appellant cancelled Option C, Family Insurance and elected to retain only Basic Life Insurance Coverage on March 15, 1998; (3) the effective date of appellant's retirement was March 27, 1998; (4) appellant does not have the right to re-elect Option C; (5) there was no fraudulent tampering or forgery of appellant's life insurance documents. R.A.62.

The Regional Office administrative judge ("AJ") presiding over Scott's case issued an Acknowledgment Order on September 12, 2013, followed by an Order to Show Cause on October 21, 2013 identifying an issue that fell within the Board's jurisdiction. R.A.52-54. The Acknowl-

edgement Order informed Scott that, "[i]f your appeal is timely filed, and *within the Board's jurisdiction*, you have a right to a hearing on the merits of your case." R.A.55 (emphasis added). The Order to Show Cause stated that it appeared that the Board "does not have jurisdiction to review OPM's determination addressing the appellant's issues with FEGLI" and ordered the appellant "to file evidence and argument to prove that the action at issue is within the Board's jurisdiction." R.A.52-53.

Scott responded to these orders, claiming that the MSPB had jurisdiction to review her appeal and that she never cancelled her insurance. R.A.29-31. Scott also claimed that the document OPM used to conclude that she had cancelled her insurance was forged or altered. R.A.28, R.A.37.

On November 21, 2013, the Regional Office AJ issued an Initial Decision dismissing Scott's appeal for lack of jurisdiction. As stated in the Order to Show Cause, the AJ determined that, under 5 U.S.C §§ 8347(d)(1) and 8461(e)(1), an administrative action or order affecting the rights or interests of an individual under chapter 83 and chapter 84 of Title 5 may be appealed to the Board. The AJ determined, however, that FEGLI is not covered under chapter 83 or chapter 84 of Title 5 and that, therefore, the Board lacked jurisdiction to review OPM's decision regarding FEGLI.

Scott then filed a petition for review with the Board at MSPB Headquarters in Washington, D.C. In addition to arguing that OPM's denial was wrongful, Scott also made a number of allegations against the Board, including, among others, that the Board failed to follow procedures during the appeal, failed to evaluate relevant evidence, and denied her request for a hearing.

On August 20, 2014, the Board issued a Final Order denying the petition for review and affirming the Initial Decision. *Scott*, 2014 WL 5388205, at *1. The Board

reiterated the AJ's finding that FEGLI is not covered under the statutes granting the Board jurisdiction over OPM appeals. *Id.* at 2. In addition, the Board determined that there was no evidence that the AJ made any procedural error and no statutory requirement that the Board hold a hearing on the threshold question of jurisdiction. *Id.* at 2-3. The Board found that the AJ had properly considered only evidence bearing on the jurisdictional issue and not the merits. *Id.* The Board also considered Scott's argument that the AJ dismissed her appeal in "retaliation" for having "blown the whistle" on OPM's alleged fraud. *Id.* The Board found that appellant failed to overcome the presumption that AJs are unbiased because appellant submitted only "vague, unsupported allegations" that the Board found unpersuasive. *Id.*

Scott now appeals the Board's Final Order to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our standard of review of Board decisions is limited by statute. *See* 5 U.S.C. § 7703(c). We must affirm the Board's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. *Id.* Whether the Board has jurisdiction to adjudicate a case on appeal is a question of law, which we review *de novo*. *See Ghannam v. MSPB*, 527 Fed. Appx. 862, 864 (Fed. Cir. 2013); *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008); *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). Although we review the Board's legal conclusions *de novo*, we are bound by its factual determinations "unless those findings are not supported by substantial evidence." *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Sys. Prot. Bd.*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant bears the burden of establishing by a preponderance of the evidence that the Board has jurisdiction over her appeal. 5 C.F.R. § 1201.56(b)(2)(i).

The AJ's Acknowledgment Order and Order to Show Cause apprised Scott of the Board's preliminary finding that it lacked jurisdiction over her appeal and gave her the opportunity to establish that the Board could exercise jurisdiction over her appeal. Scott's response recited no evidence establishing a basis for the Board's jurisdiction.

5 U.S.C. §§ 8347(d)(1) and 8461(e)(1) grant the Board jurisdiction over appeals of OPM decisions regarding the administration of the federal retirement system. *Lewis v. Merit Sys. Prot. Bd.*, 301 F.3d 1352, 1354 (Fed. Cir. 2002). Specifically, Section 8347(d)(1) authorizes appeals from final decisions under chapter 83 of Title 5, which governs the Civil Service Retirement System ("CSRS"), and Section 8461(d)(1) authorizes appeals from final decisions under chapter 84 of Title 5, which governs the Federal Employees' Retirement System ("FERS"). *Id.*

In contrast, Scott seeks life insurance benefits paid under the FEGLI Act, 5 U.S.C. §§ 8701-8716, which is governed by Chapter 87 of Title 5. Pursuant to 5 U.S.C. § 8715, "[t]he district courts of the United States have original jurisdiction, concurrent with the United States Claims Court [Court of Federal Claims], of a civil action or claim against the United States founded on this chapter." The law, therefore, confers jurisdiction over claims involving the FEGLI Act on the United States district courts and the Court of Federal Claims, not on the Board. *Lewis*, 301 F.3d at 1353; *Richards v. OPM*, 97 M.S.P.R. 291, 293 (M.S.P.B. 2004).

Scott's brief reiterates the same claims she made in her petition for review by the Board, including alleged forgery, but fails to cite any evidence, much less preponderant evidence, that the Board has jurisdiction over her appeal. 5 C.F.R. § 1201.56(b)(2)(i). Scott is not necessarily without recourse, however. If timely, she may appeal OPM's decision to an appropriate United States district court or the Court of Federal Claims.

**AFFIRMED**